IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ELI LILLY AND COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. _____ |
| | ) |
| DR. REDDY'S LABORATORIES, LTD. and | ) |
| DR. REDDY'S LABORATORIES, INC., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Eli Lilly and Company ("Lilly") files this Complaint for patent infringement against Dr. Reddy's Laboratories, Ltd. ("Dr. Reddy's Ltd.") and Dr. Reddy's Laboratories, Inc. ("Dr. Reddy's Inc.") (collectively, "Dr. Reddy's") under 35 U.S.C. § 271. This patent action concerns the pharmaceutical drug product Forteo®.

## NATURE OF THE ACTION

1. This is an action for infringement of U.S. Patent No. 7,517,334 ("the '334 patent"). This action relates to Dr. Reddy's submission of Abbreviated New Drug Application ("ANDA") No. 214412, submitted in the name of Dr. Reddy's to the U.S. Food and Drug Administration ("FDA") for approval to market a generic version of Lilly's Forteo® (teriparatide [rDNA origin] injection) product, constituting an act of infringement under the patent laws of the United States, Title 35 U.S.C. § 100 *et seq.*, including 35 U.S.C. § 271(e)(2).

## THE PARTIES

2. Lilly is a corporation organized and existing under the laws of Indiana with its corporate offices and principal place of business at Lilly Corporate Center, Indianapolis, Indiana

46285.  Lilly is engaged in the business of research, development, manufacture, and sale of innovative pharmaceutical products throughout the world.

3.      On information and belief, Dr. Reddy's Ltd. is a foreign entity organized and existing under the laws of India with its corporate offices and principal place of business at 8-2-337, Road No. 3, Banjara Hills, Hyderabad Telangana 500034.

4.      On information and belief, Dr. Reddy's Ltd. operates in the United States through its wholly owned subsidiary Dr. Reddy's Inc., to develop, manufacture, market, sell, and distribute generic pharmaceutical products in the State of Delaware and throughout the United States.  On information and belief, Dr. Reddy's Ltd. controls and directs Dr. Reddy's Inc.

5.      On information and belief, Dr. Reddy's Inc. is a corporation organized and existing under the laws of New Jersey with offices at 107 College Road East, Princeton, New Jersey 08540.

6.      On information and belief, Dr. Reddy's Ltd. acted in concert with Dr. Reddy's Inc. to prepare and submit ANDA No. 214412 ("Dr. Reddy's ANDA") for Dr. Reddy's generic version of Lilly's Forteo® (teriparatide [rDNA origin] injection) product ("Dr. Reddy's ANDA Product"), and the acts of Dr. Reddy's Ltd. complained of herein were done with the cooperation, participation, and assistance of Dr. Reddy's Inc.

## JURISDICTION AND VENUE

7.      This action arises under the patent laws of the United States, including 35 U.S.C. § 271 and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

8.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

9.      Dr. Reddy's Inc. regularly does or solicits business, or engages in a persistent course of conduct in this District, or derives substantial revenue from things used or consumed in this District.

2

10.    On information and belief, Dr. Reddy's Inc. and Dr. Reddy's Ltd. maintain continuous and systematic contacts with the state of Delaware so as to reasonably allow jurisdiction to be exercised over Dr. Reddy's Inc. and Dr. Reddy's Ltd.  On information and belief, Dr. Reddy's Inc. and Dr. Reddy's Ltd.—either directly, or indirectly through its subsidiary Dr. Reddy's Inc.—develops, manufactures, markets, and sells pharmaceutical products throughout the United States, including the State of Delaware.  On information and belief, Dr. Reddy's Inc. and Dr. Reddy's Ltd—either directly or through its subsidiaries and affiliates—currently sells significant quantities of generic drug products in the United States and in the State of Delaware. These products include, for example, generic versions of Alimta®, Cialis®, Clarinex®, Lyrica®, Prozac®, and Zyprexa®.

11.    On information and belief, Dr. Reddy's has not contested jurisdiction in Delaware in prior cases arising out of the filing of its ANDAs.  *See, e.g., Anacor Pharmaceuticals, Inc. et al v. Dr. Reddy's Laboratories, Ltd. et al.*, C.A. No. 21-01349-CFC (D. Del.); *Novartis Pharmaceuticals Corporation et al v. Dr. Reddy's Laboratories, Inc. et al.*, C.A. No. 21-01106-LPS (D. Del.); *Merck Sharp & Dohme Corp. v. Dr. Reddy's Laboratories, Inc. et al.*, C.A. No. 21-01033-RGA (D. Del.); *Bayer Pharma AG et al v. Dr. Reddy's Laboratories, Ltd. et al*, C.A. No. 21-00732-RGA (D. Del.).  Dr. Reddy's. has also filed counterclaims in multiple such cases.  *See, e.g., Anacor Pharmaceuticals, Inc. et al v. Dr. Reddy's Laboratories, Ltd. et al.*, C.A. No. 21-01349-CFC (D. Del.); *Merck Sharp & Dohme Corp. v. Dr. Reddy's Laboratories, Inc. et al.*, C.A. No. 21-01033-RGA (D. Del.).

12.    Alternatively, to the extent the above facts do not establish personal jurisdiction over Dr. Reddy's Ltd., this Court may exercise jurisdiction over Dr. Reddy's Ltd. pursuant to Fed. R. Civ. P. 4(k)(2) because: (a) Plaintiff's claims arise under federal law; (b) Dr. Reddy's Ltd.

3

would be a foreign defendant not subject to personal jurisdiction in the courts of any State; and

(c) Dr. Reddy's Ltd. has sufficient contacts with the United States as a whole, including, but not

limited to, filing ANDAs with the FDA and manufacturing and selling generic pharmaceutical

products that are distributed throughout the United States, such that this Court's exercise of

jurisdiction over Dr. Reddy's Ltd. satisfies due process.

13.    Venue is proper in this Court for Dr. Reddy's Ltd. under 28 U.S.C. § 1391(c)(3)

because, upon information and belief, Dr. Reddy's Ltd. is not a resident of the United States and

may thus be sued in any judicial district.

14.    Venue is proper in this Court for Dr. Reddy's Inc. because it is the agent of

Dr. Reddy's Ltd. (which is also subject to venue in this judicial district) in connection with the

submission of Dr. Reddy's ANDA.  In addition, Dr, Reddy's Inc. has litigated other Hatch-

Waxman disputes in this this judicial district.

## FACTUAL BACKGROUND

### A.    Forteo®

15.    Lilly is the holder of approved New Drug Application ("NDA") No. 021318 for the

manufacture and sale of teriparatide [rDNA origin] injection, approved by the FDA for:

(1) treatment of postmenopausal women with osteoporosis at high risk for fracture or patients who

have failed or are intolerant to other available osteoporosis therapy; (2) increase of bone mass in

men with primary or hypogonadal osteoporosis at high risk for fracture or patients who have failed

or are intolerant to other available osteoporosis therapy; and (3) treatment of men and women with

osteoporosis associated with sustained systemic glucocorticoid therapy at high risk for fracture or

patients who have failed or are intolerant to other available osteoporosis therapy.  Lilly markets

and sells teriparatide [rDNA origin] injection under the trade name Forteo®. Forteo® was approved

by the FDA on November 26, 2002.

**B.    The '334 Patent**

16.    The '334 patent, titled "Medication Dispensing Apparatus with Spring-Driven Locking Feature Enabled by Administration of Final Dose," and assigned to Lilly, was duly and legally issued by the United States Patent and Trademark Office ("PTO") on April 14, 2009, from U.S. Patent Application No. 10/598,987, filed as PCT Application No. PCT/US2005/010206 on March 25, 2005.  The '334 patent claims priority to U.S. Provisional Application No. 60/557,545, filed March 30, 2004, and U.S. Provisional Application No. 60/638,027, filed December 21, 2004. The '334 patent claims, *inter alia*, a medication dispensing apparatus comprising: a housing, a drive member within said housing movable in a distal direction; a fluid container defining a medicine-filled reservoir with a movable piston at one end and an outlet at the other end; a plunger element; a gear set including first and second pinions; a first rack; a second rack; and a latching element including a latching lip and a skid.  The '334 patent is listed in the FDA publication titled *Approved Drug Products with Therapeutic Equivalence Evaluations* (commonly known as the "Orange Book") in connection with Forteo®.  A true and correct copy of the '334 patent is attached as *Exhibit A*.

**C.    Dr. Reddy's ANDA No. 214412**

17.    Dr. Reddy's filed or caused to be filed with the FDA ANDA No. 214412 under 21 U.S.C. § 355(j)(1) and 2(A) to obtain approval to engage in the commercial manufacture, use, or sale of Teriparatide Injection USP, 0.6 mg/2.4 mL (0.25 mg/ml) single-use prefilled pens ("Dr. Reddy's ANDA Product") in the United States before the expiration of the '334 patent.

18.    Dr. Reddy's ANDA contains a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("paragraph IV certification"), alleging that the claims of the '334 patent would not be infringed by Dr. Reddy's ANDA Product.

19.     Dr. Reddy's sent or caused to be sent to Lilly a Notice Letter dated August 30, 2022, notifying Lilly that Dr. Reddy's ANDA includes a paragraph IV certification to FDA stating that Dr. Reddy's ANDA does not infringe the claims of the '334 patent and providing information pursuant to 21 U.S.C. § 355(j)(2)(B)(iv).

20.     The Notice Letter purported to include an "Offer of Confidential Access" ("OCA") to Lilly to ANDA No. 214412.  Lilly negotiated in good faith with Dr. Reddy's to obtain sections of ANDA No. 214412 relating to the injection device described in ANDA No. 214412, including any amendments or supplements, and any correspondence with FDA relating to the injection device described in ANDA No. 214412.  Despite agreeing to produce such materials pursuant to the terms of the OCA, as of the week of October 10, 2022, Dr. Reddy's still has not provided a complete set of these materials.  Thus, it is not feasible to complete an analysis of the ANDA documents and FDA correspondence as needed within 45 days of receiving Dr. Reddy's Notice Letter.  In the absence of the materials that DRL agreed to but failed to provide, Lilly resorts to the judicial process and the aid of discovery to obtain under appropriate judicial safeguards such information as is required to confirm its belief and to present to the Court evidence that Dr. Reddy's infringes one or more claims of the '334 patent.

21.     On information and belief, the product described in Dr. Reddy's ANDA is covered by one or more claims of the '334 patent.

22.     On information and belief, the submission of Dr. Reddy's ANDA constitutes infringement by Dr. Reddy's of the '334 patent under 35 U.S.C. § 271(e)(2).  Moreover, on information and belief, any commercial manufacture, use, or sale of the product described in Dr. Reddy's ANDA would infringe the '334 patent under 35 U.S.C. § 271(a), (b), and/or (c).

23.    Dr. Reddy's knows and intends that physicians will prescribe, and patients will take, Dr. Reddy's product for which approval is sought in Dr. Reddy's ANDA.  Dr. Reddy's had knowledge of the '334 patent and, by its proposed product for which approval is sought in Dr. Reddy's ANDA, knows or should know that it will aid and abet in another's direct infringement of at least one of the claims of the '334 patent.

24.    An actual case or controversy exists between Lilly and Dr. Reddy's with respect to infringement of the '334 patent.

25.    Lilly commenced this action within 45 days of receiving Dr. Reddy's Notice Letter.

## COUNT I FOR PATENT INFRINGEMENT
### (DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,517,334)

26.    Lilly incorporates by reference and realleges Paragraphs 1–25 [A1]above as though fully restated herein.

27.    Pursuant to 35 U.S.C. § 271(e)(2), Dr. Reddy's ANDA submission to the FDA is an act of infringement of at least one claim of the '334 patent by Dr. Reddy's.

28.    On information and belief, if Dr. Reddy's ANDA is approved by the FDA, Dr. Reddy's commercial manufacture, use, or sale of the product described in Dr. Reddy's ANDA would directly infringe, either literally or under the doctrine of equivalents, at least claim 1 of the '334 patent under 35 U.S.C. § 271.

29.    Unless Dr. Reddy's is enjoined by this Court, Lilly will be substantially and irreparably harmed by Dr. Reddy's infringement of the '334 patent.  Lilly does not have an adequate remedy at law.

## COUNT II FOR PATENT INFRINGEMENT
### (INDUCEMENT TO INFRINGE U.S. PATENT NO. 7,517,334)

30.     Lilly incorporates by reference and realleges Paragraphs 1–29 [A2]above as though fully restated herein.

31.     Dr. Reddy's has knowledge of the '334 patent.

32.     On information and belief, upon FDA approval of Dr. Reddy's ANDA, Dr. Reddy's will intentionally encourage acts of direct infringement of at least claim 1 of the '334 patent by others, with knowledge that their acts are encouraging infringement.

### PRAYER FOR RELIEF

Wherefore, Lilly respectfully requests the following relief:

A.     Under 35 U.S.C. § 271(e)(2)(A), a judgment that Dr. Reddy's has infringed U.S. Patent No. 7,517,334 by submitting its ANDA No. 214412 to the FDA seeking approval of its ANDA submission prior to expiration of U.S. Patent No. 7,517,334;

B.     A judgment declaring that Dr. Reddy's commercial manufacture, use, and/or sale of the product for which approval is sought in ANDA No. 214412 prior to expiration of U.S. Patent No. 7,517,334 would constitute infringement under 35 U.S.C. § 271(a) and/or (b);

C.     A judgment and order that the effective date of any FDA approval of Dr. Reddy's ANDA No. 214412 shall be no earlier than the expiration date of U.S. Patent No. 7,517,334 and any additional periods of exclusivity, in accordance with 35 U.S.C. § 271(e)(4)(A);

D.     Entry of an injunction enjoining Dr. Reddy's, and all persons or entities acting in concert with Dr. Reddy's, from seeking, obtaining, or maintaining approval of Dr. Reddy's ANDA No. 214412 and from commercially manufacturing, using, offering for sale, or selling Dr. Reddy's ANDA Product within the United States, or importing Dr. Reddy's ANDA Product into the United

8

States until the expiration of U.S. Patent No. 7,517,334, in accordance with 35 U.S.C. §§ 271(e)(4)(B) and 283;

E.    A finding that this is an exceptional case and an award of attorneys' fees pursuant to 35 U.S.C. § 285;

F.    Costs and expenses in this action; and

G.    Any further and additional relief that this Court deems just and proper.

MORRIS, NICHOLS, ARSHT &TUNNELL LLP

*/s/ Jeremy A. Tigan*

OF COUNSEL:

Laura P. Masurovsky
Alissa K. Lipton
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, LLP
901 New York Avenue, NW
Washington, DC  20001-4413
(202) 408-4000

L. Scott Burwell
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, LLP
1875 Explorer Street, Suite 800
Reston, VA  20190-6023
(571) 203-2700

October 14, 2022

Jack B. Blumenfeld (#1014)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@morrisnichols.com
jtigan@morrisnichols.com

*Attorneys for Plaintiff Eli Lilly and Company*

9